**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

|  |  |
|---|---|
| | ) |
| | ) |
| In re: Super Safety Patent Litigation | ) |
| | ) |
| | )    **MDL No. 3176** |
| | ) |

**INTERESTED PARTY RESPONSE TO
MOTION TO TRANSFER FOR COORDINATION
OR CONSOLIDATION UNDER 28 U.S.C. § 1407**

Pursuant to Rule 6.2(e) of the Rules of Procedure ("Rules") of the Judicial Panel on Multidistrict Litigation ("Panel"), interested parties AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson (the "Interested Parties") submit their response to the Motion to Transfer for Coordination or Consolidation Under 28 U.S.C. § 1407 (ECF Nos. 1, 2) filed by 80Mills LLC d/b/a Tactical Titan Supply; Pearson Gardner; DNT LLC d/b/a Deez Nutz Tactical; Zach Morrow; Z3 Productions LLC d/b/a Z3 PRO; Harrison Gunworks LLC; Tyler Harrison; Hanes Tactical LLC; Damion Terrell Bennett; and Steven Thanh Nguyen d/b/a Polymer Pew (collectively, "Movants"). The Interested Parties are defendants in *Rare Breed Triggers, Inc. v. AS Designs, LLC*, No. 1:25-CV-1192 (M.D.N.C.), which was identified by ABC IP, LLC and Rare Breed Triggers, Inc. (collectively, "Plaintiffs") and the Panel as a related action for potential inclusion in the MDL proposed by Movants. (*See* ECF No. 14 at 17[1]; ECF Nos. 18, 18-9.) The Interested Parties agree with Movants regarding the scope of the requested MDL, as well as where it should be centralized.

---

[1] Page citations to the record in this MDL proceeding are to the page numbers in the ECF header.

1

## I.     BACKGROUND

In June 2025, Plaintiffs filed patent infringement lawsuits against Movants, accusing them of infringing U.S. Patent 12,038,247 (the "'247 Patent") by selling a product called the Super Safety.[2]  (*See* ECF No. 1-1 at 4-6.)  In October 2025, Plaintiffs also asserted expired U.S. Patent 7,398,723 against the Super Safety in a couple of Movants' cases.  (*See* ECF No. 1-3 at 27-30; ECF No. 1-5 at 21-23.)

But after Movants filed their §1407 motion (ECF No. 1), seeking centralization of the Super Safety cases, Plaintiffs scrambled to file almost two dozen new suits asserting various patents against various forced-reset triggers.  (*See* ECF No. 14 at 16-17; ECF No. 19-1.)  One of these suits is against the Interested Parties.  (*See* ECF No. 18-9.)  Plaintiffs' late hustle appears to be an attempt to broaden the contemplated MDL to include not just products based on the Super Safety design but any other forced-reset trigger against which Plaintiffs can assert one of their patents.  (*See* ECF No. 14 at 6-8, 16-21; ECF No. 15 at 3.)  Additionally, the recently filed suits appear to be Plaintiff's push to obtain centralization in the Eastern District of Texas.  (*See* ECF No. 14 at 6, 8, 18, 22, 25; ECF No. 15 at 9.)

## II.     DISCUSSION

### A.     Centralization Is Appropriate.

The Interested Parties agree with Movants and Plaintiffs that centralization is appropriate, as it would reduce the potential for inconsistent rulings on claim construction, patent validity and enforceability, and infringement.  Centralization would also promote efficiency in the discovery and claim construction processes.  (*See* ECF No. 1-1 at 4-5, 7-10; ECF No. 14 at 6-7, 18-19.)

---

[2] In the *Harrison Gunworks* case, Plaintiffs also asserted four other patents against a different product.  (*See* ECF No. 1-4 at 13-14 (¶¶ 38-41).)

B.     **The MDL Should Include Just the Super Safety-Based Designs.**

The Interested Parties also agree with Movants that the requested MDL should be limited to just the Super Safety-based designs.  Doing so would allow the Court and the parties to focus on one design, rather than having to learn multiple different product designs while keeping them conceptually separate during the relevant analysis.  By centralizing only the cases that assert at least the '247 Patent against the Super Safety-based designs, the resulting MDL will maximize the common issues that will result in the most benefit from centralization.  (*See* ECF No. 1-1 at 4, 6-8; ECF No. 15 at 3-5.)

The Interested Parties note that the "Partisan Network," in its interested party response, likewise supports limiting the MDL to just the cases that include the '247 Patent asserted against the Super Safety-based designs.  (*See* ECF No. 17 at 3-6.)

C.     **The MDL Should Be Centralized in the Northern District of Ohio.**

Lastly, the Interested Parties agree with Movants that the encompassed cases should be centralized in the Northern District of Ohio before the Honorable J. Philip Calabrese.  (*See* ECF No. 1-1 at 5, 11; ECF No. 15 at 6-9.)  Ohio is much closer to High Point-Greensboro, North Carolina (where the Interested Parties are based, ECF No. 18-9 at 4 (¶¶ 3-5)) than Texas.  The distance between High Point and Marshall (where Judge Gilstrap presides) is *twice* the distance between High Point and Cleveland (where Judge Calabrese presides).  (*See* Exhibit A.)  Texas is not even in the same time zone as North Carolina.  Furthermore, lead counsel for the Interested Parties, for Movants, *and* for Plaintiffs are based in Ohio, adding to the mutual convenience.

III.    **CONCLUSION**

For the above-discussed reasons, the Interested Parties respectfully request that the MDL encompass just the cases that include infringement claims of the '247 Patent against products based

on the Super Safety design, and that the cases be centralized in the Northern District of Ohio before Judge Calabrese.

Dated: March 2, 2026           Respectfully submitted,

**EMERSON, THOMSON & BENNETT, LLC**

/s/ *John M. Skeriotis*
John M. Skeriotis (Ohio Bar # 0069263)
jms@etblaw.com
Sergey Vernyuk (Ohio Bar # 0089101)
sv@etblaw.com
1914 Akron-Peninsula Rd.
Akron, Ohio 44313
(330) 434-9999 – Telephone
(330) 434-8888 – Facsimile
*Attorneys for Interested Parties/Defendants:*
*AS Designs, LLC, Matthew S. Karlovic, and Calvin Olson*